# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES | PLAINTIFF |
| v. | CASE NO. 5:10-CR-50097 |
| NICHOLAS GRAY | DEFENDANT |

## OPINION & ORDER

Currently before the Court is the Motion to Appoint Counsel (Doc. 43) filed by Petitioner Nicholas Gray on May 16, 2017. For the reasons discussed herein, that Motion is **DENIED WITHOUT PREJUDICE**.

## I. DISCUSSION

On December 7, 2010, Gray pleaded guilty to one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). This Court[1] then sentenced Gray to a term of imprisonment of 140 months on March 11, 2011. In so doing, the Court applied the guideline enhancement found at U.S.S.G. § 4B1.1. See Doc. 23, p. 7. The § 4B1.1 enhancement applies to "career offenders"—which includes defendants convicted of a felony controlled substance offense with at least two prior felony convictions for crimes of violence. See U.S.S.G. § 4B1.1 (2010). Application of the § 4B1.1 enhancement increased Gray's total offense level from a 21 to a 29. See Doc. 23, pp. 6-7.

Gray filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on June 16, 2016. (Doc. 37). The Motion, filed while Gray was represented by the Federal Public Defender's Office, argues that his sentence was unconstitutional in light of *Johnson v. United States*,

---

[1] The Hon. Jimm L. Hendren.

1

135 S. Ct. 2551 (2015), and its progeny. *Johnson* held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) was unconstitutionally vague. As § 4B1.2, defining "crime of violence" for purposes of the § 4B1.1 enhancement, contained language identical to the ACCA's residual clause, it was assumed in the Eighth Circuit that *Johnson* must also render the coordinate provision of § 4B1.2 unconstitutional as well. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to mean, in relevant part, an offense that "involves conduct that presents a serious potential risk of physical injury to another"), *with* U.S.S.G. § 4B1.2(a)(2) (2010) (defining "crime of violence" to mean, in relevant part, an offense that "involves conduct that presents a serious potential risk of physical injury to another"). *See United States v. Martinez*, 821 F.3d 984, 988 (8th Cir. 2016) (assuming without deciding that *Johnson* applies to the residual clause of the guidelines).

However, during the pendency of Gray's Motion to Vacate, the Supreme Court granted a petition for writ of certiorari to address the question of whether *Johnson* applies to the Sentencing Guidelines. *See Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting certiorari). The Court accordingly stayed Gray's Motion to Vacate pending the outcome of *Beckles*. (Doc. 40).

The Supreme Court then decided *Beckles* on March 6, 2017. 137 S. Ct. 886 (2017). In an opinion by Justice Thomas, the Court held that the Sentencing Guidelines were not subject to void for vagueness challenges under the Fifth Amendment Due Process Clause, meaning that *Johnson* does not apply to the Guidelines. *Id.* at 897. Presumably recognizing that *Beckles* rendered his Motion to Vacate futile, as the Motion's only contention involved the exact void-for-vagueness argument foreclosed by that case,

2

Gray filed a Notice of Dismissal on April 26, 2017, voluntarily withdrawing his Motion. (Doc. 41). The Clerk's Office dismissed Gray's Motion to Vacate without prejudice a day later. (Doc. 42).

Gray filed the instant Motion to Appoint Counsel on May 16, 2017. The Motion expresses Gray's desire to have counsel appointed in order to pursue post-conviction relief based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court has discretion to appoint counsel in cases brought pursuant to 28 U.S.C. § 2255, by a financially eligible person, when "the interests of justice so require." *See* 28 U.S.C. § 2255(g); 18 U.S.C. § 3006A(a)(2)(B); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) (holding that the Constitution confers no right to appointed counsel in post-conviction proceedings). "In exercising its discretion, a court should first determine whether the § 2255 movant has presented a non-frivolous claim." *United States v. Arcoren*, 633 F. Supp. 2d 752, 756 (D.S.D. 2009) (citing *Abdullah v. Norris,* 18 F.3d 571, 573 (8th Cir.), *cert. denied,* 513 U.S. 857 (1994)). "If the movant has presented only claims that are frivolous or clearly without merit, the court should dismiss the case on the merits without appointing counsel." *Id.* at 757.

The appointment of counsel would be inappropriate in this case, at this time, for two reasons. First, there is no motion for relief under 28 U.S.C. § 2255 currently pending in this case. The Clerk's Office dismissed Gray's original Motion to Vacate without prejudice on April 27, 2017, and he has yet to file any other motion. Thus, it would be premature to determine whether Gray has presented a non-frivolous claim: Gray has not presented any claim thus far. Second and relatedly, Gray's letter to the Court requesting the appointment of counsel indicates that he plans to assert a claim pursuant to *Mathis*,

3

136 S. Ct. at 2243. To the extent that Gray later files a 28 U.S.C. § 2255 motion contending that his sentence must be vacated pursuant to *Mathis*, that argument would almost definitely lack merit—though prejudging the issue for purposes other than the question of whether to appoint counsel would be inappropriate.

*Mathis* involved the question of how to determine whether a state conviction counts as a predicate violent felony offense under the enumerated felonies section of the ACCA. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (listing "burglary, arson, or extortion" as violent felonies); 136 S. Ct. at 2247-48. The inquiry into whether a particular state conviction—say, for burglary—falls within the meaning of "burglary" for purposes of the ACCA is particularly important in light of *Johnson's* invalidation of that statute's residual clause. Before *Johnson*, if a state conviction did not fit within the ACCA's "generic" definition of an enumerated offense, it could still be considered a "violent felony" under the ACCA's residual clause—it could still "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). After *Johnson*, however, such an offense would not qualify as a violent felony under the ACCA at all, potentially relieving the defendant of the ACCA's fifteen-year mandatory minimum sentence for defendants with three prior violent felony (or serious drug) convictions. 18 U.S.C. § 924(e)(1).

But, as noted above, *Johnson* does not apply to the Sentencing Guidelines. Thus, even if neither Gray's burglary nor manslaughter convictions could be considered "crimes of violence" pursuant to the enumerated offenses found at U.S.S.G. § 4B1.2(a)(2), they would both still likely fall under that provision's residual clause—they would still "otherwise involve[] conduct that presents a serious potential risk of physical injury to another."

U.S.S.G. § 4B1.2(a)(2) (2010). Thus, at least for purposes of determining whether to appoint counsel to Gray at this stage in the proceedings, the claim he seeks to assert pursuant to his letter to the Court appears to be without merit.[2]

## II. CONCLUSION

For the reasons stated herein, Nicholas Gray's Motion to Appoint Counsel (Doc. 43) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 23rd day of May, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] In addition to this substantive shortcoming, Gray would face likely-insurmountable procedural hurdles in filing a § 2255 Petition based on *Mathis*. For example, *Mathis* did not announce a new constitutional rule that applies retroactively, so Gray's Petition would likely be time-barred. *See* 28 U.S.C. § 2255(f); *United States v. Taylor*, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).