IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                              PLAINTIFF/RESPONDENT

V.                              No.   10-50097

NICHOLAS GRAY
                                                     DEFENDANT/PETITIONER

## MAGISTRATE JUDGE REPORT and RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 45) filed June 11, 2018. The United States of America filed a Response (Doc. 48) on July 10, 2018 and the matter is ready for Report and Recommendation.

### I. Background

On September 9, 2010, a criminal complaint was filed against Nicholas Gray ("Gray") alleging two counts of distributing cocaine base. (Doc.1). Thereafter, Gray was named in a two-count Indictment filed in the Western District of Arkansas, Fayetteville Division, on September 15, 2010. (Doc.2). Counts One and Two charged Gray with distributing crack cocaine.

On December 7, 2010, Gray appeared with his attorney before the Honorable Jimm Larry Hendren for a change of plea hearing. (Doc. 18). The Court was presented with a written plea agreement whereby Gray to enter a plea of guilty to Count One of the Indictment. (Doc. 19).

Gray's Presentence Investigation Report ("PSR") was issued on March 11, 2011. (Doc. 23). The PSR recommended a base offense level of 36 on finding Gray to be accountable for 18.2 grams of cocaine base. (PSR, ¶ 27). After receiving a 3-point reduction for acceptance of

1

responsibility, Gray's final offense level was 21. (PSR, ¶¶ 33 - 35). However, Gray was found to be a career offender for having prior Arkansas residential burglary and accomplice to manslaughter convictions, which resulted in an adjusted offense level of 32. (PSR, ¶ 36). With the 3-point adjustment for acceptance of responsibility, Gray's new total offense level was set at 29. (PSR, ¶¶ 37 - 39). Gray's statutory range called for a maximum term of imprisonment of 20 years. (PSR, ¶ 72). His advisory guidelines range was 151 to 188 months. (PSR, ¶ 73).

Gray's sentencing hearing was held on March 11, 2011, whereat, the Court granted the United States' 5K1.1 motion and sentenced him to 140 months imprisonment, 3 years supervised release, a $12,500 fine, and a $100 special assessment. (Docs. 25 and 26).

On September 22, 2015, Gray, through counsel Bruce Eddy, filed an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2). (Doc. 28). The Court denied Gray's motion based in part on him being found to be a career offender. (Docs. 30 and 31).

On June 16, 2016, Gray, through counsel Bruce Eddy, filed a Motion For Relief Under 28 U.S.C. § 2255 based on the application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 37). The Court, thereafter, stayed the motion pending the Supreme Court's ruling in *Beckles v. United States*. (Doc. 40). After the *Beckles* decision, Gray filed a Notice of Dismissal of the § 2255 Motion on April 26, 2017. (Doc. 41). A clerk's order was entered the next day dismissing the motion. (Doc. 42).

On June 11, 2018, Gray filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody requesting relief based on the recent Supreme Court decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

## II. Discussion

### A. Sessions v. Dimaya

The Petitioner contends that he was improperly classified as a career offender because his convictions for burglary and manslaughter should not have been considered violent offenses pursuant to *Sessions v. Dimaya.* (Doc. 45, p. 4)

On June 26, 2015, the Supreme Court held in *Johnson* that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. The Act defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that—"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or "(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B) (emphasis added). The emphasized text is referred to as the residual clause and it is this clause that the Supreme Court declared unconstitutional. Later, the Supreme Court held that *Johnson* was retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016).

In *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court declared unconstitutionally vague 18 U.S.C. § 16(b) which contained basically the same language as the residual clause in the Armed Career Criminal Act. *Dimaya* held that *Johnson* was applicable to "crime of violence" as set out in the Immigration and Nationality Act ("INA") and the Court found § 16(b) indistinguishable from the residual clause struck down in *Johnson*.

Between the Supreme Court's decisions in *Welch* and *Sessions* the court decided *Beckles v. United States,* 137 S. Ct. 886 (March 6, 2017) which held that the Federal Sentencing Guidelines

were not subject to a void for vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 888, 197 L. Ed. 2d 145 (2017). Justice Thomas, writing for the court, stated that "[T]he Due Process Clause prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson, supra,* at ——– – ——, 135 S.Ct., at 2556. Under the void-for-vagueness doctrine, laws that fix the permissible sentences for criminal offenses must specify the range of available sentences with "sufficient clarity." *United States v. Batchelder,* 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755. In Johnson, this Court held that the ACCA's residual clause fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. But the advisory Guidelines do not fix the permissible range of sentences. They merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range."

The Supreme Court case of Sessions v. Dimaya has no application to the Petitioner's case since his burglary and manslaughter convictions were properly consider in the career offender calculation under the Sentencing Guidelines.

**B. Statute of Limitations:**

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

Gray's conviction became final on March 25, 2011, when 14 days passed without Gray filing an appeal from his judgment. *See* Fed.R.App.P. 4(b)(1)(A) (indicating a defendant in a criminal case has 14 days to file a notice of appeal). As a result, the one-year period of limitations under § 2255 expired on or about March 25, 2012. Because *Sessions v. Dimaya* does not apply to the Petitioner's case his petition is untimely.

### C. Evidentiary Hearing:

Finally, Petitioner does not state grounds sufficient to require an evidentiary hearing. An evidentiary hearing on a habeas motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998).   The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in**

5

which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 12th day of July 2018.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE