IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.                              CRIMINAL NO. 10-50097

NICHOLAS GRAY                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's *pro se* **Motion Requesting Jail Credit (Doc. 53).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

The Defendant pled guilty to the offense of distributing crack cocaine and, on March 11, 2011, United States District Court Judge Jimm Larry Hendren sentenced him to 140 months imprisonment, three years supervised release, a $12,500.00 fine, and a $100.00 special assessment. (Docs. 18, 19, 25). In the motion currently before the Court, Defendant seeks 218 days credit toward his sentence, asserting that he "was granted prior credit time starting from [his] earl[i]est date of offense to my imposed sentence date by the Honorable Judge Hend[r]en."

The undersigned notes that there is nothing in the sentencing transcript or judgment addressing any credit towards the Defendant's sentence. In any event, a request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time a Defendant has served. Once the Defendant has exhausted his administrative remedies, he may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where he is confined (the Western District of Louisiana), in the United States District Court for the District of Columbia,

or in any district in which the BOP maintains a regional office.  See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004);  United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends **DENYING Defendant's Motion (Doc. 53) for lack of jurisdiction.  To assist the Defendant in pursuing his BOP administrative remedies, the undersigned will direct the District Court Clerk to provide the Defendant with a copy of his Judgment (Doc. 53) and copies of the executed arrest warrant (Docs. 12, 13), which reflect an arrest date on the federal charges of October 18, 2010.**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 25th day of March, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)